UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDI RENE CHIAPOT PEREZ,<br><br>                              Petitioner,<br><br>v.<br><br>KRISTI NOEM; TODD LYONS;<br>PATRICK DIVVER; CHRISTOPHER<br>LAROSE; SIRCE OWENS; PAMELA<br>BONDI,<br><br>                              Respondents. | Case No.: 3:25-cv-3161-JES-VET<br><br>**ORDER GRANTING PETITION<br>FOR WRIT OF HABEAS CORPUS<br>PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF NO. 1]** |

Before the Court is Petitioner Rudi Rene Chiapot Perez's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's order to show cause (ECF No. 2), Respondents filed a return to the petition and Petitioner filed a traverse. ECF Nos. 5, 6. For the reasons set forth below, the Court **GRANTS** the petition.

## I.    BACKGROUND

Petitioner, a native of Guatemala, entered the United States in 2006. ECF No. 1 ¶ 28. On October 9, 2025, Petitioner was apprehended In New York by Immigration and Custom Enforcement ("ICE") near his house as he was bicycling to work. *Id.* ¶ 32. He is currently being detained at the Otay Mesa Detention Center. *Id.* ¶ 33.

1

Petitioner alleges in his complaint that he should not be subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and should rather be subject to § 1226(a). *Id.* ¶¶ 38-44. As such, his detention without a meaningful bond hearing violates § 1226. He seeks either release or that the Court order a bond hearing pursuant to § 1226.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    DISCUSSION

In Respondents' return to the petition, they raise several issues: (1) Petitioner's claim and requested relief is jurisidictionally barred by 8 U.S.C. § 1252; (2) alternatively, if not barred, Petitioner must exhaust administrative remedies; and (3) Petitioner is lawfully detained under § 1225 and it is that section, rather than § 1226, that applies to his detention. ECF No. 5.

Respondents' arguments with regards to jurisdiction, administrative exhaustion, and applicability of § 1225 versus § 1226 are identical to those recently addressed by the undersigned in *Martinez Lopez v. Noem et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-3 (S.D. Cal. Oct. 30, 2025). In that decision, this Court held that the Court finds that the jurisdiction stripping provisions of 8 U.S.C. § 1252 do not strip it of

jurisdiction to hear similar claims challenging detention without an adequate bond hearing, and that any further administrative exhaustion requirements are waived in light of *Matter of Yajure Hurtado*. Further, the Court, along with many others, held that it is § 1226 that applies to noncitizens that have be detained when after residing in the United States for a period of time. The Court adopts it reasoning as to these issues and incorporates it by reference. *See also Beltran et al. v. Noem et al.*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3-4 (S.D. Cal. Nov. 4, 2025) (holding same).

As applied here, there is no dispute that Petitioner was detained by ICE after having already resided in the United States for many years. Therefore, it is § 1226's discretionary detention that applies to him, rather than § 1225's mandatory discretion as Respondents urge and Petitioner is entitled to a meaningful bond determination, not solely based on *Matter of Yajure Hurtado*. Accordingly, the Court **GRANTS** Petitioner's petition on this ground.

### IV.  CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

(1)    Petitioner's petition for writ of habeas corpus is **GRANTED**;

(2)    The Court **ORDERS** Respondents to provide Petitioner with a bond redetermination hearing under 8 U.S.C. § 1226(a) within **ten days** of this Order. At the hearing, Respondents may not deny Petitioner bond on the basis that he is detained under 8 U.S.C. § 1225(b)(2);

//
//
//
//
//
//
//

(4)    Respondents are **ORDERED** to File a Notice of Compliance within ten days of providing Petitioner with a bond redetermination hearing;

(5)    The Clerk of Court **SHALL** enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated: November 21, 2025

Honorable James E. Simmons Jr.
United States District Judge

4